CLIFTON, Circuit Judge,
dissenting:
I respectfully dissent. I believe that the majority has misapprehended both the applicable law and the facts.
The element of California Business and Professions Code § 20001 requiring “substantial association” with a franchisor’s *260 trade name or other commercial symbol must be analyzed from the perspective of the putative franchisee’s customers. See Kim v. Servosnax, Inc., 10 Cal.App.4th 1346, 1353, 1356-57, 13 Cal.Rptr.2d 422, 426, 427-28 (1992); see also Cooper Distrib. Co. v. Amana Refrigeration, Inc., 63 F.3d 262, 273 n. 10 (3d Cir.1995). The question is whether the distribution arrangement pursuant to the contract was such that those customers “associated” Gabana’s business operation with Gap’s reputation and goodwill. Kim, 10 Cal.App.4th at 1355-57, 13 Cal.Rptr.2d at 427-28; see also Cooper, 63 F.3d at 272-73 (substantial association exists where a distributor’s customers perceive that the manufacturer effectively endorses the quality of the product being distributed or otherwise vouches for the distributor’s activity).
The evidence strongly supports a conclusion that such a connection was perceived by Gabana’s customers, the retailers in the specified Middle Eastern nations who sold the Gap products to the ultimate consumers. Those retailers did not simply sell shirts, pants, and other products that just happened to bear a “Gap” label. If that was all they wanted to do, they could not even obtain those products. By Gap’s own description, the retailers had to be approved by Gap and were required to sell Gap products in specified “store-within-store” displays. Their stores were sometimes inspected by Gap personnel, and they received detailed instructions on how they were to achieve the “Gap look,” down to the precise color of paint to be used in the Gap display. The retailers used Gap advertising and other promotional material, available to them only via Gabana. In that context, I fail to understand how it can be concluded as a matter of undisputed fact that Gabana was viewed only as a source of products and was not substantially associated by its customers with Gap’s trademarks, trade name, and advertising. Those customers received much more than shirts from Gabana.
Gabana was the sole distributor for Gap’s labeled product line in the defined geographic region. In that context, any distinction between Gabana’s promotion of Gap’s product and its trademark is “ephemeral.” See Cooper, 63 F.3d at 273; Wright-Moore Corp. v. Ricoh Corp., 908 F.2d 128, 135 (7th Cir.1990). Franchise is a mutable concept, and in light of the protective purpose of California’s Franchise Relations Act, I would construe “substantial association” liberally to encompass situations like the one created by the distribution contract in this case. See Kim, 10 Cal.App.4th at 1355-56, 13 Cal.Rptr.2d at 427.
Nor do I share the majority’s view that the undisputed facts precluded Gabana’s claim that it paid a franchise fee. The district court made no such finding. Given a substantial record and Gabana’s assertions regarding the excess inventory purchase, I would leave that argument and the other alternative grounds offered on appeal by Gap to be parsed by the district court in the first instance. I would reverse the existing summary judgment and remand for further proceedings.